THE COURT.
 

 This is a proceeding to review a recommendation of the Board of Governors of the State Bar that petitioner, George C. W. Egan, be disbarred. The local administrative committee which heard the charges against him recommended suspension for one year. The examiner who conducted the hearing before the local committee filed a statement, in opposition to the recommendation of the committee, wherein he stated that in his view a reprimand and restitution would constitute the proper disciplinary action.
 

 Petitioner was charged with appropriating to his own use funds collected by him upon a judgment recovered by his client, Mary E. Sheehan, the complaining witness herein. Petitioner has at all times during this proceeding admitted the misappropriation. But he contends that the penalty recommended is “unfair, unjust and unwarranted’ ’. In his petition for the writ of review he states that no proceeding has ever before been taken against him by the State Bar, and that all moneys appropriated by him have now been repaid. He attached to the petition an unverified statement made by Mary E. Sheehan to the effect that full and complete restitution had been made to her. The date of restitution
 
 *460
 
 does not appear either from the petition for writ of review or from the statement of Mrs. Sheehan. At the time of the hearing before the local committee the funds had not been restored. It is also set forth in Mrs. Sheehan’s statement that petitioner has two minor chidren, who will be without support if he is permanently disbarred. Under our decision in
 
 Allen
 
 v.
 
 State Bar,
 
 218 Cal. 19, 26 [21 Pac. (2d) 107], this statement is not properly a part of the record in this proceeding.
 

 In 1931, at the time of the commission of the offense upon which this action rests, petitioner was forty-three years of age, and had been practicing law in this state for more than twenty-one years. The evidence presented at the hearing before the local committee related entirely to the offense charged. That is, petitioner made no attempt to develop facts relating to his previous record and career as a lawyer, with a view of influencing the committee in its recommendation as to disciplinary action in his case.
 
 (Allen
 
 v.
 
 State Bar, supra.)
 

 The facts, as they appear from the record, are as follows: Petitioner was employed in October, 1931, by Mrs. Sheehan to collect a judgment she had recovered in the Municipal Court of San Francisco. He was to retain 25 per cent of the amount collected as his fee. In October he accepted and receipted for a check, or checks, for the full amount due on the judgment—$266.21. He informed Mrs. Sheehan that he had collected only $75, and that the judgment debtor would make monthly payments. He paid her $56, which is approximately three-fourths of $75.
 

 At the hearing before the local committee he claimed that two checks were sent in payment of the sum of $266.21 due on the judgment. He lost both checks, but subsequently regained possession of the larger of the two checks and collected it. The amount of the smaller cheek was never paid, according to petitioner, and the check was still outstanding. However, petitioner himself testified that this check was for only a small part of the $266.21, the larger check being for about $242. Of the amount collected, petitioner appropriated to his own use all but the sum of $56, which he paid to Mrs. Sheehan.
 

 Thereafter, in February, 1932, he paid Mrs. Sheehan $37.50. This remittance was accompanied by a note to Mrs.
 
 *461
 
 Sheehan’s husband as follows: “Jack: I expected "to clear up that balance yesterday, but I also was disappointed. The ‘wherewithal’ may come in to-day or to-morrow. If it does I will send it out. I enclose you ek. for $37.50. Please be patient. Gr. E.”
 

 Several months thereafter Mrs. Sheehan learned through the attorney who had represented her in the action in which she recovered the judgment in question that petitioner had collected said judgment in full. She confronted petitioner with this information. He then admitted that he had collected the judgment in full and spent the money. He promised to repay her. According to petitioner, it was satisfactory to Mrs. Sheehan that he should pay as he was able. The only other payments ever made by him were $15 in December, 1932, and $10 in January, 1933, making a total of $118.50 repaid to Mrs. Sheehan of the sum of $266.21 (or possibly a slightly lower sum) collected by petitioner.
 

 The $15 remittance was accompanied by a note in which petitioner said: “The other mone; of which I spoke to you about has not come in, but just as soon as it does I will send you half of it. ... I will endeavor to send you more this week, and if not, not later than next Monday.” With the $10 payment of January, 1933, was a note in part as follows: “I will send you a check each week hereafter until the a/c is cleaned up. I am very, very sorry that this happened and trust that you will be a bit more patient with me. ’ ’
 

 Between this last payment in January, 1933, and the hearing of the proceeding against him by the local committee of the State Bar in February, 1937, petitioner made no further payments. As noted above, he states in his petition for review that he has now made full restitution. Whether restitution was made before or after the local committee and the board of governors of the State Bar had made their recommendations of suspension and disbarment, respectively, does not appear.
 

 At the hearing before the local committee petitioner suggested that he had information that Mrs. Sheehan had expressed a willingness to leave town and remain away for a time (thereby absenting herself from the hearing of her charges against petitioner before the local committee) if a substantial sum of money was paid to her. He suggested that an investigator for the State Bar should contact Mrs.
 
 *462
 
 Sheehan and inform her that petitioner had made arrangements to pay her whatever was necessary “to get her out of town”, with a view of ascertaining if she was still of the same mind. The committee refused to accede to this suggestion.
 

 We find nothing in the record which tends to show that petitioner is inherently dishonest or that he was ever before accused of any dishonest acts in his transactions with his clients or with others. The record indicates that petitioner, during the entire transaction and doubtless prior thereto, had been buffeted by a maelstrom of financial difficulties, which likely threatened his means of subsistence and that of those, if any, dependent upon him. These circumstances, whatever may have been their compelling power to drive him beyond the bounds of moral rectitude, are not recognized by the letter of the law as a defense to acts which are in their nature incriminatory. The circumstances in which an offense is committed may, however, be considered in mitigation of punishment in proper cases, in the discretion of the court or body empowered to impose penalties.
 

 In the instant case Local Committee No. 5 of the State Bar in and for the City and County of San Francisco, by a unanimous vote, recommended the suspension of petitioner for a period of one year. The examiner for the committee, who conducted the proceeding, was of the view that a reprimand, upon restitution being made, would constitute proper disciplinary action. The board of governors of the State Bar, by a vote of nine to six, recommended disbarment. Petitioner’s professional and business residence is the city of San Francisco. The recommendation of the local committee, which was in closer touch with the personal attributes of petitioner and the background of the case on the hearing than are we on the record, has caused us to hesitate to award the extreme penalty provided by law. Especially is this so since the recommendation of disbarment made by the board of governors was by a nine to six vote.
 

 The conduct of petitioner was highly censurable. It is largely with the hope that our order may have a sufficiently deterrent effect upon petitioner, and impress him with the necessity of keeping the record clear in the future, even under the stress of extremely necessitous circumstances, that we have concluded to impose the lesser penalty.
 

 
 *463
 
 It is the order of this court that petitioner be and he is hereby suspended from the practice of the law in this state for a period of one year, effective thirty days after the filing of this order.